## GEORGE SCHREIBER
### vs.
## LIQUOR CONTROL COMMISSION

Superior Court          Fairfield County          File #48688

Present:   Hon. EARNEST C. SIMPSON, Judge.

Wilson & Hanna,           .          Attorneys for the Plaintiff.

Harry L. Brooks,
    Assistant Attorney General,    Attorney for the Defendant.

## MEMORANDUM FILED JANUARY 4, 1938.

SIMPSON, J. Prior to July 1, 1935, the plaintiff had been engaged in the business of selling liquor at a profit, and in connection therewith had been maintaining, affixed to the outside of the permit premises, signs, electrically illuminated during business hours after sunset advertising the sale of particular brands of beer kept for sale on the permit premises.

The plaintiff duly applied to the defendant for a renewal of his permit for sale of intoxicating liquors on the permit premises, which was denied by the defendant unless the aforesaid signs were removed, basing its decision upon a statute passed in 1935 which reads in part as follows:

"No electric or neon sign advertising the sale of alcoholic liquors shall be attached to the outside of any permit premises." (Cum. Supp. [1935] §1039c).

This is an appeal from the action of the Commission denying a renewal of plaintiff's permit.

In his appeal the plaintiff further alleged that if unable to properly advertise his merchandise, his business will be lost and that he will lose the advantage of handling a product which now meets with popular demand, and claims and alleges that the ruling is illegal, unreasonable, arbitrary, discriminatory, confiscatory and unwarranted by law, and that the statute referred to is unconstitutional and seeks an injunction enjoining the defendant from requiring him to remove his signs and from enforcing said order and ruling and a judgment that the statute and rulings and orders based thereon, are null and void.

The defendant has demurred to the complaint for the reasons: (1) that it appears that the plaintiff was violating Section 1039c of the Cumulative Supplement to the General Statutes (1935); (2) it appears that the statute is in pursuance of the exercise of police power, and not contrary to the provisions of the State or Federal constitutions and is valid.

The plaintiff seems to assume he has acquired a property right under his permit. He applied for and accepted a permit under the law appertaining to the sale of intoxicating liquors. The sale of liquors is permitted only by law, is a business

charged with public concern and is subject to the regulating powers of the law granting a permit to engage therein. It is not a property right, but a privilege. If there was any doubt about this the Legislature has dispelled the doubt. **Section 684b of the Cumulative Supplement to the General Statutes (1933) (now Cum. Supp. [1935] §1026c)** provides: "A permit shall be a purely personal privilege, good for one year after issuance and revocable . . . and shall not constitute property, nor shall it be subject to attachment and execution, nor shall it be alienable . . ."

"Such permit shall also be made revocable in terms for any violation of any of the provisions of this chapter." **(Cum. Supp. [1935] §1056c).**

Having electric signs attached to the outside of the permit premises advertising the sale of intoxicating liquors is a violation of the chapter referred to, and for which a penalty may be imposed. **(Cum. Supp. [1935] §§1053c, 1083c.)**

**Section 1053c of the Cumulative Supplement to the General Statutes (1935)** also provides that for a conviction of the violation of any provisions of the chapter, the permittee, in addition to the penalties for such offense, shall incur a forfeiture of the permit. "And the commission shall thereupon revoke his permit."

Having power to revoke a permit for the violation of the statute pertaining to the sale of intoxicating liquors, the law would not require the Commission to renew a permit for premises where the law was being violated, wait for a criminal conviction and then proceed to revoke it. It may in its legal discretion revoke a permit until the law has been complied with.

The refusal of the Commission to renew the plaintiff's permit was therefore justifiable under the law and the only question is whether or not the statute in question is unconstitutional as not being within the police power of the State.

The liquor business is charged with public concern and is a highly regulated business. The plaintiff knew this. "If one embarks in a business which public interest demands shall be regulated, he must know regulation will ensue." **Nebbia vs. State of New York, 291 U. S. 502, 534.** It might be added in this case he assented thereto by accepting a permit. Unless the regulatory statute "passes the bounds of reason and as-

sumes the character of a merely arbitrary fiat", it will not be held to be unreasonable and arbitrary. **State vs. Bassett, 100 Conn. 430, 433.**

Is the statute in question of such a character that it may be termed an arbitrary fiat? The Court cannot come to such a conclusion. The Legislature might well have decided that it was an undue advertising of alcoholic liquors and offensive to the average person; that it was an undue invitation to passers-by, including motorists, to stop and imbibe in such liquors, or that it would be offensive to the aesthetic taste to have intoxicating liquors advertised by flashing electric or bright-colored neon signs. Any one of these considerations, as well as others that might be suggested, would indicate that the statute was not an arbitrary fiat, but that the inhibition was reasonable and based upon consideration within the police power of the State. The contrary certainly does not clearly appear, and unless it does clearly appear to be such an arbitrary fiat and therefore unreasonable, the Court ought not to interfere.

The demurrer is therefore sustained.